UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAYE TEDFORD,

    Plaintiff, and a class of
    similarly situated individuals,          Case No. 19-10433
                                                            Hon. Matthew F. Leitman
 -vs-

FOSTER, SWIFT, COLLINS & SMITH, P.C.,

    Defendant.
_____/

## **PRELIMINARY APPROVAL ORDER**

The Court, having considered Plaintiff's Motion for Preliminary Approval of Class Settlement, hereby preliminarily approves the Class Settlement Agreement (the "Agreement") between Plaintiff FAYE TEDFORD ("Plaintiff"), individually and as representative of the Class, and Defendant FOSTER, SWIFT, COLLINS & SMITH, P.C.("Defendant") and finds as follows:

1. The Court has jurisdiction over the subject matter of the Litigation and, for purposes of the Agreement only, has personal jurisdiction over Plaintiff, Defendant, and the Class Members.

2. The proposed Class Action Settlement Agreement has been negotiated in good faith at arm's length, and is preliminarily determined to be fair, reasonable,

1

adequate and in the best interests of the Class (defined below).

3. The terms of the Agreement are reasonable, adequate, fair, and are hereby approved by the Court, subject to the final approval hearing described below.

4. The following class (the "Class") is hereby certified for settlement purposes only by the Court and are subject to the terms of the Agreement:

> **Class:** All individuals with Michigan addresses to whom Defendant sent a letter containing language similar to the form represented by Exhibit A to the Complaint [ECF No. 1] at any time between February 8, 2018 and March 6, 2019.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class Members, the claims of the Class Representative are typical of the claims of the Class; and the Class Representative and Class Counsel will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily appoints the named-Plaintiff, Faye Tedford, as the Class Representative, and finds that she meets the requirements of Fed. R. Civ. P. 23. The Court also preliminarily appoints counsel for Plaintiff, Edelman, Combs, Latturner & Goodwin, LLC, and Adam G. Taub & Associates Consumer Law Group, PLC as Class Counsel. This Court preliminarily finds that Class Counsel have, and will continue to, fairly and adequately represent the interests of the Class Members. Plaintiff and Class Counsel, on behalf of the Class Members, are authorized to take all appropriate action required or permitted to be taken by the Agreement to effectuate its terms.

6. For settlement purposes only, the Court preliminarily finds that settlement of the Litigation on the terms and conditions set forth in the Agreement, preliminarily appears in all respects fair, reasonable, adequate and in the best interest of the Class Members and within the range of possible approval, especially in light of the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, and the limited amount of any potential total recovery for the class. This finding is subject to further consideration at the Final Approval Hearing.

7. The Court approves the parties' proposed class notice and directs it be mailed to the last known address of the Class Members reflected in Defendant's records on or before December 30, 2019. The settlement administrator shall distribute the notice and claim form by letter via First Class U.S. Mail. Each notice shall be sent with a request for forwarding addresses. Before mailing the notice required by this paragraph, the settlement administrator will obtain updated addresses for the Class Members through the National Change of Address ("NCOA") database. In the event that a notice is returned as undeliverable and a forwarding address is provided, the settlement administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. In the event that a notice is returned as undeliverable and a forwarding address is not provided, the settlement administrator will undertake to ascertain the Class Member's current address using skip-tracing. If the settlement administrator finds through skip-tracing that the Class Member has a different address, the settlement administrator will send the notice to that address.

8. The Court finds that mailing of class notice is the only notice required and that

such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

9. Defendant shall provide a list of the names and last known address of each member of the class within 14 days of entry of this order.

10. Class Members have until February 24, 2020 to submit a claim, request to be excluded or object to the Agreement. A request for exclusion must be in writing and state "I hereby wish to exclude myself from the settlement in TEDFORD v. FOSTER, SWIFT, COLLINS & SMITH, P.C.., Case No. 19-10433 (E.D. MICH)" The request must also include the name, address, phone number and signature of the person(s) or entity seeking exclusion. The request must be mailed to the settlement administrator at the address provided in the class notice. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the class notice, or that is not postmarked by the time specified shall be invalid and the person(s) serving such request shall remain a class member and shall be bound as a class member by the Agreement, if approved. The settlement administrator shall forward copies of all requests for exclusion to counsel for the parties no later than seven days after the deadline for Class Members to submit such requests.

11. Class Counsel shall file a fee petition requesting an award of attorneys' fees and costs no greater than $28,050.00. Class Counsel shall file said fee petition by March 30, 2020, which the Court shall rule on at the final approval hearing.

12. Within 30 days of the entry of this order, Counsel, through a settlement administrator, must file a declaration certifying that the notice and claim form have been mailed by First Class U.S. Mail to the Class Members as directed in this Order.

13. A final approval hearing on the fairness, adequacy, and reasonableness of the Agreement and whether final approval shall be given to it, including Class Counsel's petition for attorney's fees and expenses, will be held on April 16, 2020 at 9:30 am in the courtroom of the Honorable Matthew F. Leitman, District Judge, 600 Church St., Room 127, Flint, Michigan, 48502.

14. Defendant shall file a notice that it has complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) by March 30, 2020.

15. Any Class Member who does not timely opt-out of the Agreement may appear at the final approval hearing to argue that the proposed Agreement should not be approved. All written objection papers must be mailed to the Clerk of the Court, as set forth in the notice, served on Counsel for the parties, and

postmarked no later than February 24, 2020. For an objection to be valid, it must be in writing and must contain the following:

    a.    the objecting Class Member's name address, and phone number;

    b.    the name and number of the case: TEDFORD v. FOSTER, SWIFT, COLLINS & SMITH, P.C., Case No. 19-10433 (E.D. MICH);

    c.    the factual basis or legal grounds for the objection; and

    d.    documents, if any, to support the objection.

To the extent necessary or desired, the parties may respond to any objections seven (7) days before the final approval hearing. There shall be no replies from objectors.

16. All papers in support of Final Approval of the Agreement shall be filed no later than March 30, 2020.

17. The settlement administrator is Class-settlement.com.

18. Within 14 days of entry of this Order, Defendant shall forward to Plaintiff $4,000 for class administration as agreed upon in the Class Action Settlement Agreement.

19. The settlement administrator or Class Counsel shall file with the Court a list of persons seeking exclusion from the Agreement by March 16, 2020.

20. The Court reserves the right to adjourn or continue the date of the Final

Approval Hearing without further notice to the Class Members and may approve or modify the Settlement without further notice to the Class.

**IT IS SO ORDERED.**

                                          /s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: December 2, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 2, 2019, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (810) 341-9764