UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAYE TEDFORD,

    Plaintiff, and a class of similarly
     situated individuals,

 -vs-

FOSTER, SWIFT, COLLINS & SMITH, P.C.*,*

    Defendant.
_____/

Case No. 19-cv-10433
Hon. Matthew F. Leitman

**FINAL ORDER APPROVING**
**<u>CLASS ACTION SETTLEMENT</u>**

This matter came for hearing on April 16, 2020, upon the application of Plaintiffs for final approval of the settlement set forth in the Settlement Agreement ("Agreement") dated September 27, 2019. Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed in support of the Agreement, the proceedings had herein, and all oral and written comments received from Settlement Class members (if any) regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

    1.    On December 2, 2019, this Court preliminarily approved the Class Action Settlement reached between Plaintiff, Faye Tedford, and Defendant, Foster,

1

Swift, Collins & Smith, P.C., including a form notice for mailing to the Settlement Class. The Court is informed that actual notice was mailed on December 30, 2019 to 639 Settlement Class members via First Class mail. There were 65 notices that were returned by the U.S. Postal Service. Of the 65 notices that were returned, the Class Administrator was able to obtain a new address and remailed 24 notices. There were 41 notices that were marked not deliverable with no forwarding addresses available.

2. As of February 24, 2020, the Class Administrator received zero requests for exclusion.

3. The Court, for purposes of this Final Order Approving Class Action Settlement ("Final Order"), adopts all defined terms as set forth in the Agreement.

4. The date the Court enters the Final Order shall be the effective date of the Agreement ("Effective Date").

5. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other members of the Settlement Class, and the Defendant.

6. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the

Class, and fully met the requirements of Michigan law and due process under the United States Constitution.

7. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

8. Because no person has validly and timely requested exclusion from the Settlement Class, all of the Released Claims are dismissed with prejudice as to the Plaintiff and Class Representative and the other Members of the Settlement Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

9. Solely for purposes of effectuating this settlement this Court confirms its certification of a Settlement Class for settlement purposes only and, in accordance with Fed.R.Civ.P. 23, defines the Settlement Class as:

> All individuals with Michigan addresses to whom Defendant sent a letter containing language similar to the form represented by Exhibit A to the Complaint [ECF No.1] at any time between February 8, 2018 and March 6, 2019.

10. The Court finds that the Settlement Class meets the requirements of Rule 23 for settlement purposes only. Specifically the Court finds that:

    (a) The Settlement Class is so numerous that joinder is impracticable.

 (b) There are questions of law and fact common to the members of the Settlement Class, which common questions predominate over any questions that affect only individual Settlement Class members.

 (c) Plaintiff's claims are typical of the claims of the Settlement Class Members.

 (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class members.

 (e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

11. Defendant will maintain a list of class members for twelve (12) months from the date the Final Order is entered.

12. Each Settlement Class member who did not file an exclusion does as of the Effective Date hereby releases and forever discharges Defendant and its respective past, present, and future officers, employees, agents, representatives, insurers, including but not limited to, predecessors, successors, assigns, and legal representatives, in their capacity as such, (the "Released Parties") from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, that are asserted, or could have been asserted in the Litigation, arising out of or relating to the perceived and/or complained of violations of the FDCPA (the "Released Claims") arising from the Litigation. As of the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final

Approval Order shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties pursuant to the terms of this Agreement.

13. Plaintiffs, their assigns, heirs, successors and personal representatives, in their capacities as such, do hereby release and forever discharge the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, that are asserted, or could have been asserted in the Litigation, arising out of or relating to the Released Claims.

14. The Agreement does not contain therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

    (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such

as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

15. The Court dismisses the claims of Plaintiff and the Class against Defendant and the Released Parties with prejudice and without costs.

16. Pursuant to the Agreement, checks issued to class members shall be void 90 days after issuance ("Void Date").

17. Within sixty (60) days after the Void Date, Plaintiff's counsel shall file a "Notice of Compliance" that the Terms of the Agreement have been complied with, stating specifically that all the Settlement Class members who are entitled to receive checks have been issued checks and that any *cy pres* award has been distributed. The parties may destroy documents related to the settlement after one year from the Void Date.

18. The Court approves a payment of an incentive award of $2,000.00 to Plaintiff Faye Tedford for her services as a class representative.

19. The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $28,050.00. The Court finds that Class Counsel's petition is fair and reasonable and orders disbursement of $28,050.00 to Class Counsel.

20. Within 14 days of the Effective Date, Defendant shall pay to Edelman, Combs, Latturner & Goodwin, LLP Client Trust Account $81,000 for the remaining amount of class settlement fund, which would cover all payments made to (a) class

members, (b) Plaintiff for incentive award, and (c) Class Counsel's fees and expenses.

21. The Court hereby approves the Michigan State Bar Foundation as a *cy pres* recipient. The Court directs that the Class Counsel to pay to the Michigan State Bar Foundation any funds which remain in the Class Settlement Fund after the Void Date.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 16, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 16, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764